UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TRINIDAD R. GONZALEZ,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. CV-10-348-JPH

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 14, 17.) Attorney Jeffrey Schwab represents plaintiff; Special Assistant United States Attorney David I. Blower represents defendant. The parties have consented to proceed before a magistrate judge. (ECF No. 6.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** plaintiff's Motion for Summary Judgment and **DENIES** defendant's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff Trinidad R. Gonzalez (plaintiff) protectively filed for supplemental security income (SSI) and disability insurance benefits (DIB) on March 13, 2008. (Tr. 21.) Plaintiff alleged an onset date of October 15, 2007. (Tr.139, 143.) Benefits were denied initially and on reconsideration. (Tr. 79, 83, 85.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Jean R. Kerins on March 17, 2010. (Tr. 39-63.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 43-55.) Vocational expert John Yen also testified. (Tr. 57-62.) The ALJ denied benefits (Tr. 21-32.) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts, the ALJ decisions, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 47 years old at the time of the hearing. (Tr. 43.) He has very little formal schooling and Spanish is his primary language. (Tr. 43.) He testified he stopped working because his legs and his brain hurt and made him very tired. (Tr. 46.) Plaintiff has work experience picking produce, in hotel housekeeping, and packing fruit. (Tr. 44, 49.) He takes ibuprofin for the pain in his head. (Tr. 47.) He takes medication for blood pressure, diabetes, cholesterol, and for spots on his skin. (Tr. 47.) Plaintiff testified he is depressed and experiences panic and anxiety. (Tr. 47, 53.) Sometimes he is so depressed he does not want to do anything. (Tr. 55.) Plaintiff applied for benefits because he cannot work and is not able to work because he feels bad. (Tr. 48.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -3

claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has engaged in substantial gainful activity after the alleged onset date. (Tr. 23.) At step two, the ALJ found plaintiff has the following severe impairments: depression and psoriasis. (Tr. 25.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 25.) The ALJ then determined:

> [T]he claimant has the residual functional capacity to lift and carry 25 pounds frequently, 50 pounds occasionally; to stand and walk for six hours and to sit for six hours out of an eight hour day; to push and pull within the limits of lifting and carrying; to engage in a full range of postural

    moments [sic] frequently, to manipulate, see and communicate without restriction; to work within any environment; to understand, recall and carryout [sic] simple instructions; to make simple work related judgments; to adjust to occasional work changes; and to interact occasionally with the general public.

(Tr. 26.) At step four, the ALJ found plaintiff is capable of performing past relevant work. (Tr. 31.) As a result, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from September 1, 2005 through the date of the decision. (Tr. 32.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ erred by: (1) determining plaintiff engaged in substantial gainful activity after the alleged onset date; and (2) failing to conclude plaintiff's mental health problems are disabling. (ECF No. 14 at 4-13.) Defendant asserts the ALJ: (1) properly determined plaintiff engaged in substantial gainful activity after the alleged onset date; and (2) reasonably concluded plaintiff's mental impairments are not disabling. (ECF No. 17 at 11-21.)

## DISCUSSION

**1. Step One and Substantial Gainful Activity**

Plaintiff argues the ALJ erred in determining he engaged in substantial gainful activity after the application date because his work was an unsuccessful work attempt. (Ct. Rec. 14 at 4-7.) If a claimant can engage in substantial gainful activity, the claimant is not disabled within the meaning of the Social Security Act. *Tackett v. Apfel* 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. § 404.1571. Substantial gainful activity is work activity that "involves doing significant physical or mental activities" on a full- or part-time basis, and "is the kind of work usually done for pay or profit." 20 C.F.R. §§ 404.1572, 416.972. Generally, if a claimant works for substantial earnings as described in the regulations, the work is found to be substantial gainful activity. 20 C.F.R. §§ 404.1574(a), 416.974(a). Although the ALJ found plaintiff had engaged in substantial gainful activity after the application date, she declined to make an unfavorable decision at step one. (Tr. 24.) As a result, the ALJ completed the sequential analysis and concluded plaintiff is not disabled based on the medical evidence, not based on substantial gainful activity. (Tr. 24-32.) Because the ALJ found in plaintiff's favor at step one, this is not an appealable issue. *See e.g., Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir.2005) (plaintiff is not prejudiced when the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -5

ALJ resolves a step in plaintiff's favor).

Notwithstanding, the ALJ did analyze plaintiff's earnings and made conclusions based on the substantial gainful activity which were applied to the credibility assessment. (Tr. 24-25.) The ALJ stated plaintiff earned $5,505 in the third quarter of 2009, an average of $1,835 per month over three months. (Tr. 24.) For the fourth quarter of 2009, the ALJ concluded plaintiff earned $1,834.[1] (Tr. 24.) The ALJ combined the third and fourth quarters of 2009 for total earnings of $7,339, an average of $1,223 per month over six months. Income is considered "substantial" for 2009 if it exceeds $980 per month. *See* Program Operations Manual System (POMS) DI 10501.015.B, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0410501015. Thus, based on the ALJ's calculations, plaintiff engaged in substantial gainful activity during the third and fourth quarters of 2009.

However, comparison of the earnings report in the record to the list of earnings identified by the ALJ reveals several errors.[2] (Tr. 24, 151-52.) Earnings of $355 from Stemilt Growers and $1,016 from Columbia and Okanogan are third quarter 2008 earnings and should not be included in the calculations for 2009. (Tr. 24, 152.) Earnings totaling $140 from Lone Pine Orchard are not found in the earnings record, and the amount from Cachu Orchards in third quarter 2009 is actually $527, not $570 as listed by the ALJ. (Tr. 151-52.)

A more accurate calculation of third quarter 2009 earnings includes the following:

| | |
|---|---|
| Dixieland Cherries | $104 |
| Harvey Estep Orchard | $855 |
| G&P Orchard Leasing | $315 |
| Jim Talbot Orchards | $120 |
| B&R Banning | $270 |
| Cachu Orchard | $527 |
| McDougall & Sons | $1,562 |

---

[1] The ALJ cited earnings from Colulmbia and Okanogan of $1,694 and from Cachu Orchard of $140 which total $1,835 for the fourth quarter of 2009. (Tr. 24.)

[2] The earnings record and the ALJ's calculations lend themselves to confusion. The ALJ cited Exhibits 7D, 8D and 9D as the basis for the determination of significant work activity. (Tr. 23.) However, the record contains no Exhibit 9D. (Court Transcript Index, Tr. 154-55.) Further, Exhibit 8D consists of four pages; however, pages three and four of Exhibit 8D appear to duplicate pages one and two of the same exhibit.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -6

        Lone Pine Orchards        $198
                                              $3,951

(Tr. 152-53.)  Average earnings over the quarter are $1,317 per month.  Despite the ALJ's errors, the record reflects earnings exceeding the amount constituting substantial gainful activity in third quarter 2009.

For fourth quarter 2009, the record reflects only two entries of $140 each from Cachu Orchard for fourth quarter 2009. (Tr. 153.)  Earnings of $1,694 from Columbia and Okanogan are actually from fourth quarter 2008, not fourth quarter 2009 as reported by the ALJ.  (Tr. 154.)  Thus, based on the record, plaintiff earned $280 in the fourth quarter of 2009.  Total earnings for the third and fourth quarter of 2009 equal $4,231.  Averaged over six months, earnings for the second half of 2009 are $705 per month, less than the amount presumed for substantial gainful activity.  Thus, the record actually shows only three months of average substantial gainful activity in the third quarter of 2009, not six months as asserted by the ALJ.[3]

Plaintiff argues *Gatliff v. Comm'r*, 172 F.3d 690 (9th Cir. 1999) dictates a finding that three months of earnings does not establish the ability to perform substantial gainful activity on a sustained basis.  (ECF No. 14-7.)  However, as defendant correctly points out, *Gatliff* is distinguishable.  The *Gatliff* court noted the plaintiff could work full-time but was incapable of sustaining employment for

---

[3]Plaintiff argues there is no evidence the earnings reported under plaintiff's social security number are actually plaintiff's earnings.  (ECF No. 14 at 6.)  There is no factual basis for this assertion in the record, including plaintiff's own testimony.  *See, e.g., Velasquez v. Astrue*, No. CV 09-7122-JC, 2010 WL 3928755 *4 (C.D. Cal. October 6, 2010) (plaintiff submitted evidence of identity theft); *Gray v. Barnhart*, No. Civ. 02-591-SLR, 2004 WL 334230 *4 (D.Del. February 5, 2004) (plaintiff submitted evidence income was not earnings).  Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir.1998).  The ALJ has no obligation to develop the record just because plaintiff's testimony about the specifics of his past work was vague.  The earnings record, though perhaps difficult to read, is not ambiguous and the ALJ is entitled to rely on the evidence in the record.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -7

longer than two months. *Gatliff*, 172 F.3d at 693. In the case at hand, plaintiff testified his last job as a cherry packer ended because the job was seasonal. (Tr. 50.) He also testified he thought he could go back to cherry packing. (Tr. 51.) This does not necessarily suggest an inability to sustain employment over a longer term.

Although the ALJ made some errors in calculating earnings, the court need not determine whether three months of earnings constitutes substantial gainful activity in this case. The issue of whether plaintiff performed substantial gainful activity or made an unsuccessful work attempt after the application date is not properly before the court. The nondisability determination is not based on a finding that plaintiff engaged in substantial gainful activity. Instead, the ALJ compared the earnings record to plaintiff's testimony and concluded the evidence reflects negatively on plaintiff's credibility. (Tr. 24-25.) Plaintiff has not challenged the credibility finding.[4] Thus, despite some errors in calculations at step one, the errors are harmless because the ALJ did not make the nondisability determination on that basis. *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1195-97 (9th Cir. 2004).

**2.    Mental Health and Disability**

Plaintiff argues the evidence dictates a determination that he is disabled by mental impairments alone. (ECF No. 14 at 8-13.) Plaintiff cites evidence from Dr. Genthe, Dr. Goodwin, and Dr. Mitchell,

---

[4]If the ALJ finds that the claimant's testimony as to the severity of his pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ cited the lack of supporting evidence for plaintiff's allegations of leg pain and plaintiff's ability to work outside during the hottest part of the year at a substantial gainful activity level in support of the credibility finding. (Tr. 30-31.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -8

among other providers. (ECF No. 14 at 8-13.) Defendant argues the ALJ made a reasonable RFC determination which takes into account the limitations found in the mental health evidence. (ECF No. 17 at 14-20).

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604. Although the ALJ summarized records from medical sources in the record, the ALJ rejected only the opinion of Dr. Rahme and did not specifically assign weight to any other treating or examining physician or psychologist.[5] (Tr. 27-31.) Therefore, presumably the ALJ accepted the opinions of Dr. Genthe, Dr. Goodwin, and Dr. Mitchell as well as other providers in the record.

The ALJ summarized Dr. Genthe's opinion based on an examination in May 2007. (Tr. 27-28.) Dr. Genthe noted history of depressive symptoms, nervousness and anxiety, but reported an overall normal mental status. (Tr. 199.) Dr. Genthe found no significant impairment in the ability to understand, remember and follow simple instructions and the ability to follow complex instructions also seemed intact. (Tr. 200.) Plaintiff's ability to learn new tasks, perform routine tasks, exercise judgment and make decisions was unimpaired. (Tr. 200.) Plaintiff reported working five hours per day and said he was

---

[5] The ALJ did assign weight to the opinion of Dr. Gentile, the state reviewing physician. (Tr. 31, 289-91.)

not working full-time because of pain in his legs and sores. (Tr. 201.) Dr. Genthe assessed a cognitive GAF of 75, emotional GAF of 70, and interpersonal GAF of 85.[6] Although plaintiff argues Dr. Genthe's opinion indicates plaintiff is limited to five hours of work per day and plaintiff is not capable of sustaining full-time employment (ECF No. 14 at 8.), the court agrees with defendant that the reasonable reading of the report suggests that Dr. Genthe was reporting plaintiff's current work status. (ECF NO. 17 at 16-17.) The functional abilities described by Dr. Genthe are consistent with the ALJ's RFC finding.

However, the ALJ failed to adequately address other opinions about plaintiff's mental health which suggest more significant limitations. The ALJ summarized the medical evidence but did not note conflicts, analyze, or otherwise explain the weight given to any other medical provider. (Tr. 23-25.) "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). The ALJ failed to do so here. Significantly, the ALJ failed to analyze the opinion of Dr. Goodwin who completed a DSHS Psychological/Psychiatric Evaluation on December 20, 2007. (Tr. 210-14.) Dr. Goodwin diagnosed major depressive disorder, recurrent, moderate-severe. (Tr. 210.) He opined plaintiff has four moderate and one marked cognitive limitation and three moderate, one marked, and one severe social limitation. (Tr. 211.) His narrative report notes severe deficits in attention and concentration and that comprehension of simple commands was moderately impaired. (Tr. 213.) There was evidence of impairment of plaintiff's short term memory. (Tr. 213.) Dr. Goodwin noted plaintiff was socially isolated and dependent and recommended re-evaluation of his psychiatric medications. (Tr.

---

[6] A GAF score of 61-70 indicates "some mild symptoms, (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." A GAF score of 71-80 indicates no more than slight impairment in social, occupational or school functioning. A GAF score of 81-90 indicates no or minimal symptoms and good functioning in all areas. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4TH Ed. at 32.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -10

214.) Dr. Goodwin assessed a GAF of 45.[7] Although the ALJ summarized Dr. Goodwin's report, specifically noting severe deficits in attention and concentration among other impairments, the ALJ failed to explain why those deficits were not included in the RFC. (Tr. 29.)

Defendant argues the ALJ implicitly gave Dr. Goodwin's opinion little weight and cited several possible reasons for doing so. (ECF No. 17 at 17-18.) The court may make inferences from the ALJ's discussion of the evidence, if the inferences are there to be drawn. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). While the ALJ's failure to incorporate limitations assessed by Dr. Goodwin into the RFC suggests the ALJ rejected them, the ALJ failed to cite a single specific, legitimate reason supported by substantial evidence for rejecting Dr. Goodwin's findings. Such reasons may exist, but the court is constrained to review only those reasons asserted by the ALJ. *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). The court cannot infer specific, legitimate reasons where none are suggested or implied by the ALJ's discussion of the evidence.

Similarly, the ALJ summarized office visit notes from Dr. Mitchell in November 2007 but failed to discuss the mental health findings. (Tr. 28.) The ALJ reported Dr. Mitchell noted plaintiff claimed he was disabled only "because of pain in his knees and neck." (Tr. 28.) However, Dr. Mitchell indicated plaintiff "also relates disability related to depression." (Tr. 207.) Dr. Mitchell found no objective evidence of the joint pain complained of by plaintiff, but opined, "His depression may be his greatest obstacle to working on a full-time basis." (Tr. 208.) The ALJ did not analyze or address Dr. Mitchell's opinion with regard to plaintiff's mental health issues, although Dr. Mitchell suggests they may be significant.

On the whole, the ALJ's discussion of the medical evidence lacked the specificity required to allow the court to review the ALJ's reasoning. A summary of medical evidence does not constitute a legally sufficient explanation of the basis for the ALJ's decision. On remand, the ALJ should weigh the medical and psychological evidence and provide specific, legitimate reasons supported by substantial

---

[7] A GAF score of 41-50 indicates serious symptoms or any serious impairment in social, occupation, or school functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4TH Ed. at 32.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -11

evidence for rejecting the opinion of any acceptable medical source. The ALJ should also revisit step one and the rest of the sequential process to ensure factual accuracy and compliance with all relevant authority.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence and free of legal error. The decision lacks a legally sufficient explanation of the findings. Remand is necessary for reconsideration of the medical and psychological opinion evidence. The ALJ shall issue a new decision which explains the findings and accurately cites substantial evidence supporting his conclusions throughout the sequential process.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **GRANTED**. The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 17 )** is **DENIED**.

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for plaintiff and the file shall be **CLOSED**.

DATED March 2, 2012

S/ JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -12